**Sophia ISAAC, Plaintiff–Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE OF THE STATE OF TEXAS, Defendant–Appellee.**

No. 03–21184.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Sept. 20, 2004.

R. 47.5.4.

672

Sophia Isaac, New Caney, TX, for Plaintiff–Appellant.

Demetri Anastasiadis, Austin, TX, for Defendant–Appellee.

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Sophia Isaac moves this court to proceed *in forma pauperis* ("IFP") in this appeal from the district court's grant of judgment as a matter of law in her discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* She also moves for the preparation at government expense of a transcript of the trial proceedings. Isaac argues in her brief, *inter alia,* that the district court erroneously granted judgment as a matter of law because she had received the right to sue by the EEOC and that she was not permitted to testify that the EEOC had ruled in her favor.

Because an employment discrimination plaintiff must exhaust administrative remedies before filing suit in federal court, *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir.2002), *cert. denied,* 537 U.S. 1200, 123 S.Ct. 1287, 154 L.Ed.2d 1041 (2003), a claim begins, rather than ends, with the filing of charges with the EEOC, and Isaac's receipt of a right to sue letter does not mean that the district court was precluded from granting the defendants' judgment as a matter of law. Further, the district court has the discretion to exclude from evidence at trial the findings of the EEOC investigation. *Cortes v. Maxus Exploration Co.,* 977 F.2d 195, 201–02 (5th Cir.1992).

Isaac has not demonstrated a nonfrivolous issue for appeal, and her motions to proceed IFP and for a transcript at government expense are denied. *See* FED. R.APP. P. 24(a); 28 U.S.C. § 753(f); *Harvey v. Andrist,* 754 F.2d 569, 571 (5th Cir.1985); *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir.1982). Isaac also moves for the appointment of counsel, but she has not demonstrated exceptional circumstances necessary for the appointment of counsel in civil cases. *See Richardson v. Henry,* 902 F.2d 414, 417 (5th Cir.1990); *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir.1982). Therefore, the motion is denied. Because this appeal is without arguable merit, it is dismissed as frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR. R. 42.2.

MOTIONS FOR IFP, TRANSCRIPT AT GOVERNMENT EXPENSE, AND APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.